

U.S. Department of Justice

United States Attorney
Eastern District of New York

DG/BW
F. #2017R00930

271 Cadman Plaza East
Brooklyn, New York 11201

February 15, 2022

By Email
Clerk of the Court
(for forwarding to randomly assigned United States District Judge)
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

The Honorable Carol B. Amon
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

**1:22-cr-00065(EK)(TAM)**

Re:   United States v. Fernando Martinez Gomez
      Criminal Docket Number 22-    (    )

Dear Clerk of the Court and Judge Amon:

Pursuant to Local Rule 50.3.2, the government hereby notifies the Court that the above-captioned case ("Martinez") is presumptively related to United States v. Roberto Gustavo Cortes Ripalda, et al., ("Cortes"), 21-CR-458 (CBA) and United States v. Gustavo Trujillo, 19-CR-134 (CBA) ("Trujillo").

Local Rule 50.3.2(b)(1) provides for a presumption that one case is "related" to another when the "facts of each arise out of the same charged criminal scheme(s), transaction(s), or event(s), even if different defendants are involved in each case." Local Rule 50.3.2(c)(1) directs the United States Attorney's Office to "give notice to all relevant judges whenever it appears that one case may be presumptively related to another pursuant to section (b)(1)."

This letter constitutes the notice directed by Local Rule 50.3.2(c)(1). Martinez is presumptively related to Cortes and Trujillo because the facts of Martinez include the same criminal scheme charged in Cortes and Trujillo. Specifically, Count Two of the Martinez information will charge Fernando Martinez Gomez with a conspiracy to commit wire fraud that is part of the same wire fraud conspiracies charged in Cortes and Trujillo. The Martinez

information references multiple defendants charged in Cortes and Trujillo by name and describes their alleged conduct.[1]

Accordingly, because Martinez, Cortes and Trujillo involve the same charged criminal scheme, transactions and events, the cases are thus presumptively related. Given this overlap, the government respectfully submits that reassignment of Martinez would be appropriate, as reassignment would likely result in a significant savings of judicial resources and serve the interests of justice.

Respectfully submitted,

BREON PEACE
United States Attorney
Eastern District of New York

By: /s/
David Gopstein
Benjamin Weintraub
Assistant U.S. Attorneys
(718) 254-6153/7184

DEBORAH L. CONNOR
CHIEF
MONEY LAUNDERING AND
ASSET RECOVERY SECTION
CRIMINAL DIVISION

By: /s/
Shaunik R. Panse
Trial Attorney

JOSEPH S. BEEMSTERBOER
ACTING CHIEF
FRAUD SECTION
CRIMINAL DIVISION
U.S. DEPARTMENT OF JUSTICE

By: /s/
Randall Warden
Alexander J. Kramer

John Scanlon
Trial Attorneys

cc: Lilly Ann Sanchez, Esq. (by email)

---

[1] On April 4, 2019, Trujillo pled guilty before Hon. Sanket J. Bulsara, pursuant to conspiracy to commit wire fraud, in violation of Title 18, United States Code, Section 371, and conspiracy to commit money laundering, in violation of Title 18, United States Code, Section 1956(h). He is pending sentencing. In Cortes, a grand jury returned an indictment in September 2021 charging three defendants with conspiracy to commit wire fraud, in violation of Title 18, United States Code, Section 1349, conspiracy to commit bank fraud, in violation of Title 18, United States Code, Section 1349, and conspiracy to commit money laundering, in violation of Title 18, United States Code, Section 1956(h). The case is currently pending.